UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEP 30 2025 AM 10:58
FILED - USDC - FLMD - TPA

Monika Margarethe Shirley,
   Plaintiff,
v.
Wayne R. Shirley,
   Defendant.

Case No.: 8:25-cv-2658-SDM-TGW

## COMPLAINT TO ENFORCE FORM I-864 AFFIDAVIT OF SUPPORT; JURY DEMAND

Plaintiff Monika Margarethe Shirley alleges:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a naturalized United States citizen residing in Florida. Plaintiff proceeds pro se.
2. Defendant Wayne R. Shirley signed a federal Form I-864 Affidavit of Support (8 U.S.C. 1183a) as Plaintiff's immigration sponsor and is believed to reside at 14779 1st Ave E, Bradenton, FL 34212.
3. This Court has subject-matter jurisdiction under 8 U.S.C. 1183a(e) and 28 U.S.C. 1331 because this action arises under federal law. Supplemental or pendant jurisdiction is not required.
4. Venue is proper in the Tampa Division of the Middle District of Florida because Defendant resides in Manatee County, Florida, and a substantial part of the events occurred in this District.

### THE I-864 CONTRACT AND DEFENDANT'S OBLIGATIONS

5. By executing Form I-864, Defendant entered a binding contract with the United States Government, for Plaintiff's benefit, to maintain Plaintiff at an income not less than 125 percent of the Federal Poverty Guidelines (FPG) until a terminating event occurred under 8 U.S.C. 1183a(a)(2).
6. Terminating events include Plaintiff becoming a U.S. citizen, accruing 40 qualifying quarters, permanent departure from the United States, or death. Divorce does not terminate the I-864 duty.
7. Plaintiff became a U.S. citizen in February 2025. Damages are sought through January 2025 only.

### FACTS

8. For years following the marriage, Defendant failed to provide support sufficient to maintain Plaintiff at 125 percent of the FPG, despite the binding I-864 obligation.
9. Plaintiff often had zero income and survived through credit and non-sponsor help from friends/family; such third-party help does not satisfy or reduce the sponsor's duty.
10. Plaintiff, in desperation, applied for food assistance in the past year but was never approved and never received or used any means-tested public benefits. Plaintiff has relied instead on food pantry distributions and help from friends and family when necessary.
11. Defendant provided no meaningful cash or in-kind support to Plaintiff during the damages period relevant here, and repeatedly used litigation tactics that exacerbated Plaintiff's hardship.
12. Plaintiff never intended or desired to sue her spouse; however, after years of unsupported hardship, she brings this enforcement action so that any recovery can be used to stabilize housing, transportation, and essential needs for herself and her minor child, consistent with child-first principles.
13. Plaintiff's adult daughter, Julia, declines at this time to pursue any separate claim arising from the sponsor obligations. This Complaint asserts only Plaintiff's personal rights, without prejudice to any rights of others.

### DAMAGES (I-864)

14. Plaintiff's damages are measured month-by-month as: 125 percent of the FPG for a one-person household, minus Plaintiff's actual income (if any), minus any support or credits provided by Defendant.

15. Plaintiff attaches Exhibit A (Damages Schedule) covering June 2020 through January 2025, which totals the amount owed based on Plaintiff's zero income and zero credits from Defendant for those months.

COUNT I: BREACH OF CONTRACT (FORM I-864)

16. Plaintiff realleges Paragraphs 1 through 15.
17. Defendant's failure to maintain Plaintiff at 125 percent of the FPG constitutes breach of the I-864 Affidavit of Support contract enforceable under 8 U.S.C. 1183a(e).
18. As a direct and proximate result, Plaintiff suffered economic damages as set forth in Exhibit A.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendar

a) Awarding damages measured by 125 percent of the FPG for a one-person household, less any income and sponsor-provided credits, through January 2025, in the amount proved at trial and reflected in Exhibit A;
b) Awarding pre- and post-judgment interest as allowed by law;
c) Awarding costs and any attorneys' fees permitted by statute or contract; and
d) Granting such further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

VERIFICATION UNDER 28 U.S.C. 1746

I declare under penalty of perjury that the facts stated in this Complaint are true and correct to the best of my l
Date: 2025-09-30

Respectfully submitted,

*/s/ Monika Margarethe Shirley*

Monika Margarethe Shirley
Mailing Address: HOPE - P.O. Box 1624, Bradenton, FL
Email: hibymo@aol.com